# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAGER MANAGEMENT INC., et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs** | : | |
| | : | |
| v. | : | **NO. 11-2372** |
| | : | |
| **COLUMBIA CASUALTY COMPANY,** | : | |
| **Defendant** | : | |

## M E M O R A N D U M

**Stengel, J.**                                                                                                   **August 18, 2011**

      Jager Management, Inc., Joel Gershman, and Pennswood Apartments LP were sued as defendants[1] in a case involving an automobile accident at Pennswood Apartments in which a young girl was injured.  Columbia Casualty Company denied coverage under Jager Management's insurance policy and refused to defend Jager Management in the underlying action.  Jager Management filed this complaint against Columbia Casualty Company alleging declaratory judgment, breach of contract, and bad faith claims.  Columbia Casualty Company filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Jager Management argues that Columbia Casualty Company breached its insurance contract by denying coverage and that a duty of defense is owed to it.  Columbia Casualty Company claims that the insurance policy's automobile exclusion applies and thus denies coverage.  I will deny the motion to dismiss.

### I.     Background

---

[1] The plaintiffs in the underlying case seek to add Jaelly, Inc. as a defendant, but the motion to amend their complaint has not been ruled on as of this time.  Jager Management, Inc., Joel Gershman, Pennswood Apartments, LP., and Jaelly, Inc., shall collectively be referred to as "Jager Management" unless otherwise noted.

Jager Management, Inc. is a real estate management company that manages Pennswood Apartments, a property located in Harrisburg, Pennsylvania. Jaelly, Inc. holds an ownership interest in Pennswood Apartments and Joel Gershman is an officer of Jager Management, Inc.

Brian Kiefer was the maintenance supervisor for Pennswood Apartments.[2] Included in Mr. Kiefer's job description was that he personally inspect every unit to determine repair needs, ensure that repairs and services are completed on time, and maintain the physical integrity of the property to sustain a safe environment. Wanjiku Compl. ¶ 14. At or about 7:30 p.m. on April 18, 2009, Mr. Kiefer was driving his pickup truck to the Pennswood maintenance office parking lot. While driving with a blood alcohol level of .30%, Mr. Kiefer's vehicle struck Mercy Wanjiku, a nine year old girl who was riding a bicycle near the entrance to the maintenance office. Id. ¶¶ 26-27. Mercy Wanjiku suffered several injuries including fractured ribs, a fractured tibia, and post traumatic stress. Id. ¶ 31.

On July 23, 2009, Mercy Wanjiku's parents James Paul Kamau and Grace Kamau filed a complaint (Wanjiku action) against Mr. Kiefer, Pennswood Apartments, Jager Management, and Joel Gershman. In the Wanjiku action, the plaintiffs allege Jager Management was vicariously liable for Mr. Kiefer's negligence. Id. ¶¶ 9-12, 26. Additionally, the plaintiffs claim that Jager Management was negligent in its failure to maintain a safe environment for its tenants given the history of alcohol consumption by

---

[2] Brief of Jager Management at Ex. B, Compl., Kamau v. Kiefer, No. 09-18333(Ct. of C.P. Montgomery Cnty. Pa. filed May 18, 2011) [hereinafter Wanjiku Compl.]

2

its agents, in its creation of a foreseeable risk of severe injury or death as a result of Jager Management's agents driving while intoxicated, and in its failure to take the necessary action to detect and prevent the consumption of alcohol on its premises by its employees or agents. Id. ¶ 10.

Columbia Casualty Company is an insurance carrier which had issued a general liability insurance policy to Jager Management. In response to being named as defendants in the Wanjiku action, Jager Management sought coverage under the Columbia Casualty general liability insurance policy. Compl. ¶ 22. Columbia Casualty denied coverage on the basis of the "auto exclusion" which excludes coverage for: "'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." Id. ¶ 23. Jager Management claims Columbia Casualty's liability policy provides coverage because the Wanjiku action contains counts of "independent" allegations of negligence consisting of its failure to maintain a safe environment for its tenants to live, its failure to take the necessary steps to prevent the consumption of alcohol on its premises by its agent and employees, its failure to provide adequate security to protect its tenants, and fostering an atmosphere conducive to heavy drinking which created a foreseeable risk of injury stemming from driving while intoxicated. Id. ¶ 18.

## II.    Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for a failure to state a claim upon which relief can be granted examines the legal

sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations in the complaint must amount to a sufficient claim for relief and not be merely speculative. When a court is determining whether to grant a motion to dismiss, it must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which a claim is based. The Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the claim and the rationale behind it. Conley, 355 U.S. at 47. The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). Neither "bald assertions" nor "legal conclusions" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**III. Discussion**

Under Pennsylvania law, the duty to defend is determined by the allegations contained in the underlying complaint. Telecomm. Network Design v. Brethren Mut. Ins. Co., 5 A.3d 331, 335 (Pa. Super. Ct. 2010). The insurer owes a duty to defend if the allegations in the complaint would bring the claim within the policy's coverage. See Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 896-97 (Pa. 2006). The duty to defend is broader than the duty to indemnify. Id. at 896.

Jager Management alleges that Columbia Casualty's failure to defend and indemnify them in reference to the Wanjiku action constitutes a breach of the general liability insurance policy issued by Columbia Casualty. Compl. ¶ 34. Columbia Casualty's policy states "[w]e will have the right and duty to defend the insured against any 'suit' seeking" damages because of bodily injury or property damage. Brief of Jager Management, Ex. D, Commercial General Liability Coverage Form at 12. Columbia Casualty denied coverage pursuant to the policy's automobile exclusion. The auto exclusion policy provides: "'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." Id. at 14. Under Columbia Casualty's policy, the definition of "insured" includes: "'employees' . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business."[3] Id. at 19.

In addition to the vicarious liability claims against Jager Management,[4] the Wanjiku action alleges that Jager Management is independently liable in negligence for failing to implement the proper procedures to maintain a safe environment for its tenants, failing to take the necessary steps to detect and prevent the consumption of alcohol by its

---

[3] Jager Management does not dispute that if Mr. Kiefer was acting in the scope of his employment when he struck Mercy Wanjiku then the auto exclusion bars policy coverage by Columbia Casualty for the vicarious liability claims. Def.'s Reply Br. Supp. Mot. To Dismiss at 3. Acting within the scope of employment means that Mr. Kiefer would be an "insured" for purposes of the policy. Consequently, the auto exclusion would apply because the vehicle which struck Mercy Wanjiku was owned by Mr. Kiefer, an insured. See Brief of Jager Management, Ex. D, Commercial General Liability Coverage Form at 14 (noting that the auto exclusion applies to an insured who "owned or operated" the automobile). Columbia Casualty would have no duty to defend or indemnify Jager Management for vicarious liability allegations arising from Mr. Kiefer's negligence in hitting Wanjiku.

[4] The complaint alleges that Mr. Kiefer was driving his own vehicle, not one owned by Jager Management. Compl. ¶ 24.

employees, and providing inadequate security to protect its tenants given the prior history of alcohol consumption by Jager Management employees.  Compl. ¶ 18.

The underlying complaint contains allegations suggesting Mr. Kiefer was not acting in the scope of employment when his car struck Mercy Wanjiku.  The auto-exclusion applies only where the vehicle is operated by an "insured" and an employee is an "insured" only for "acts within the scope of their employment."  Therefore, if Mr. Kiefer was not acting in the scope of employment, Jager Management would be covered by Columbia Casualty's policy for the independent negligence allegations.  The auto exclusion would not apply because Mr. Kiefer would not be an "insured."  Compare Countryway Ins. Co. v. Slaugenhoup, 360 Fed. App'x 348, 351-52 (3d Cir. 2010) (finding insurer did not have a duty to defend and observing that the policy language did not specify the use of a specific person's vehicle because of the insurer's intention not to limit the exclusion based on the identity of the vehicle's user), with Allstate Ins. Co. v. Drumheller, 185 Fed. App'x 152, 160-61 (3d Cir. 2006) (concluding that a duty to defend did exist where an injury arising out of one's use of an all-terrain vehicle occurred within the policy's definition of "insured premises" even though premises where injury occurred was not owned by the insured because the definition of "insured premises" included "any premises used by an insured person in connection with the residence premises.").

The underlying complaint alleged Jager Management's failure to maintain a safe environment and to prevent consumption of alcohol on its premises created the foreseeable risk that the injury would occur.  These allegations potentially are within the policy's coverage.  See Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial

Union Ins. Co., 908 A.2d 888, 896-97 (Pa. 2006); see generally Reid v. City of Philadelphia, 77 Pa. D. & C.4th 48, 77 (Pa. C.P. 2005).  Because the allegations in the underlying complaint could bring the claim within the policy's coverage, Columbia Casualty owes Jager Management a duty to defend.

**IV.   Conclusion**

Columbia Casualty's motion to dismiss Jager Management's complaint will be denied.  Because the underlying complaint contains allegations that potentially are covered by the insurance policy, Columbia Casualty has a duty to defend Jager Management.

An appropriate order follows.